WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—June, 1881.

PECK *v.* SHERWOOD.

*In the matter of the estate of* BENJAMIN PECK, *deceased.*

Upon an application by a legatee, under Code Civ. Pro., § 2606, to compel the representative of a deceased executor to account for and deliver over trust property, and pay the legacy, the respondent filed a verified answer denying the receipt of any such property, which answer was not controverted.   *Held,* that this terminated the proceeding, the petitioner having no right to insist on continuing, in order to prove the amount due her, as a basis for an action on the deceased executor's official bond.

Whether payment to a legatee can be decreed under Code Civ. Pro., § 2603, *quære.*

APPLICATION to compel the administratrix, etc., of the executor of decedent's estate, to account, etc., under Code Civ. Pro., § 2606.

The petition of Anna M. Peck alleged that she was a legatee under the will of Benjamin Peck ; that Warren S. Peck, the executor, etc., of Benjamin, had had possession of the fund out of which her legacy was directed to be paid, and had died intestate ; that Susan T. Sherwood was administratrix, etc., of said executor, and had not accounted for or delivered over any of the trust property which had come into her possession, if any ; and prayed that said administratrix be required to account for and deliver over any of the said trust property in her possession, or under her control, and pay the legacy of the petitioner.

On the return of the citation, issued upon the petition, the administratrix filed a verified answer, alleging, in substance, that Warren S. Peck, the deceased executor, left no assets belonging to the estates of Benjamin Peck, or himself, and admitting the truth of the other matters set forth in the petition.

D. HAIGHT, *for petitioner.*

ODLE CLOSE, *for administratrix.*

THE SURROGATE.—The truth of the answer is not controverted, but the counsel for the petitioner insists that he has a right to proceed and prove how much is due on her legacy, as he proposes to proceed against the sureties to the bond, which this court required, for cause, to be given by the deceased executor in his life-time.

This is a proceeding instituted under section 2606 of the Code. Its provisions are new and important. They are to the effect that where an executor, etc., dies, the Surrogate's court has the same jurisdiction, upon the petition of his successor, or of a surviving executor, etc., or person interested in the estate, to compel the executor of the decedent to account for and deliver over any of the trust property which has come to his possession or is under his control, which it would have as against the decedent, if his letters had been revoked. By section 2603, the substance of the decree which the surrogate, in his discretion, may make, in case of the revocation of letters, is to the effect that the executor shall " pay and deliver over all money and other property in his hands into the Surrogate's court, or to his successor in office, or to such other person as is authorized by law to receive the same," etc. It being conceded that there is no property in the hands of the administratrix of Warren S. Peck belonging to the estate of Benjamin Peck, there is, as it seems to me, no basis for a decree of any kind. It would be idle to decree the performance of an act impossible to be accomplished. It is, therefore, utterly immaterial, in this proceeding, to inquire or determine how much is due upon the petitioner's legacy. I must accordingly decline to enter upon such an investigation.

I think it doubtful, although the expression of the doubt may be considered *obiter*, whether, under any circumstances, payment to a legatee could be decreed by virtue of the provisions of section 2603.

Ordered accordingly.